UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL BRENT,

       Plaintiff,                      Case No.  05-71095

v.                                    District Judge Julian Abele Cook
                                        Magistrate Judge R. Steven Whalen

CITY OF DETROIT,
a Municipal Corporation,
DETROIT WATER & SEWAGE
DEPARTMENT,

       Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO COMPEL DEPOSITION**

Before the Court is Defendant's Motion to Compel Plaintiff's Deposition duces tecum [Docket #38]. There are two facets to this motion. First, the Defendant asked for the oral deposition of Plaintiff to take place. Second, the Plaintiff asked for the production of documents, apparently for use at the deposition. The motion is granted in part, denied in part and dismissed in part, as follows:

As to the deposition itself, that has taken place, and Plaintiff has withdrawn that portion of the motion to compel. (The partial withdrawal is found at Docket #64). Therefore, as to the portion of Defendant's motion seeking to compel the deposition itself, it is DISMISSED.

As to the duces tecum portion of the subpoena, the Defendant made the following

requests in its Second Request for Production of Documents:

>1. Any grievances alleged to have bee filed by Plaintiff, to include any and all supporting documentation.

>2. All documentation relative to the apprentice program, to include indenture agreements/loan agreements.

>3. All documents Plaintiff plans to offer as evidence at trial.

Plaintiff filed objections to these requests. As to requests (1) and (2), he states that the documents "have already been provided or are otherwise already in the possession, custody or control of defendants." As to request (3), he states that the "request is vague and ambiguous as Defendants do not even state which issues the request pertains to."

In his response to the Defendant's partial withdrawal of this motion, the Plaintiff points out that a "grievance" is filed by his union; he only has the authority to file a "complaint," and that all "complaints" were provided to the Defendants. It is unclear, however, whether the Plaintiff's union provided him with a copy of any grievances. If there are copies of grievances in Plaintiff's possession, he is required to submit those in response to the discovery request. As to complaints, the Plaintiff appears to be in compliance with the request, based on his statement that the documents have been produced. Therefore, the motion to compel is GRANTED to the extent that Plaintiff will produce any copies of grievances in his possession. If he does not have copies of any grievances, he will so certify in writing.

As to the documents relating to the apprentice program, Plaintiff states that the Defendant "was Plaintiff's employer and the controlling body of the apprentice program,"

and therefore "all documentation relative to this program would have been generated by or filed with Defendant." Plaintiff further states that he himself received his apprentice file from the Defendant, in response to his own discovery request. It is inappropriate for a party to use the civil discovery rules to obtain information already in its possession. *See Korman v. Shull*, 184 F.Supp. 928, 935 (E.D. Mich. 1960). Therefore, the motion to compel is DENIED as to Request to Produce no. 2 (apprentice program documents).

Finally, the request for documentation Plaintiff plans to offer as evidence at trial is somewhat overly broad, insofar as it is premature to ask for specific exhibit lists. However, to the extent that Defendant is requesting compliance with the disclosure requirements Fed.R.Civ.P. 26(a)(1)(B), the Plaintiff is clearly obligated to produce the documents. Rule 26(a)(1)(B) mandates disclosure of:

> "(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment."

Therefore, as to Request to Produce (3), the motion to compel is GRANTED to the extent that Plaintiff shall produce all material that falls within the scope of Rule 26(a)(1)(B).

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: October 26, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys

and/or parties of record by electronic means or U.S. Mail on October 26, 2006.

                                          S/Gina Wilson
                                          Judicial Assistant